UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

GRONK NATION, LLC,

   Plaintiff,

v.

SULLY'S TEES, LLC,

   Defendant.

DOCKET NO.

## COMPLAINT AND JURY DEMAND

**NOW COMES** the Plaintiff Gronk Nation, LLC and sets forth the following allegations against Defendant Sully's Tees, LLC as its Complaint in this matter:

**I.  Parties**

1. Plaintiff Gronk Nation, LLC ("Gronk Nation") is a limited liability company organized under the laws of the State of Florida.

2. Defendant Sully's Tees, LLC ("Defendant") is a limited liability company organized under the laws of the Commonwealth of Massachusetts with a principal place of business in Peabody, Massachusetts.

**II.  Jurisdiction and Venue**

3. This Court has jurisdiction over the claims in this matter pursuant to 28 U.S.C. § 1331 because, among other things, the claim is brought under federal statutes including the Lanham Trademark Act, 15 U.S.C. § 1051, et seq. (the "Lanham Act").  This Court also

has subject matter jurisdiction pursuant to, among other things, 15 U.S.C. §§ 1221 and 28 U.S.C. §§ 1338 (a) and 1338 (b).

4. This Court has personal jurisdiction over the parties because the claims set forth herein arise out of the actions of Defendant that were undertaken in this judicial district.

5. Venue in this judicial district is appropriate under 28 U.S.C. § 1391 because Defendant is a resident of this judicial district and a substantial part of the events giving rise to the causes of action set forth below occurred in this judicial district.

### III. Facts Common to All Counts

6. Robert Gronkowski, Christopher Gronkowski and Daniel Gronkowski are all professional football players in the National Football League.

7. As a result of their achievements in both intercollegiate and professional football since at least the fall of 2005, Robert Gronkowski, Christopher Gronkowski and Daniel Gronkowski have become synonymous with the term and mark "GRONK" along with several other terms that involve the term "GRONK".

8. On February 18, 2011, Gronk Nation was established as a limited liability company in the State of Florida.

9. Robert Gronkowski, Christopher Gronkowski, and Daniel Gronkowski are each members of that limited liability company.

10. Gronk Nation was established, *inter alia*, to promote and protect the Gronkowski brothers' names, nicknames, images, pictures, likenesses, and/or trademarks, including the famous "GRONK" name and mark from third parties who seek to capitalize on the name and mark without authorization.

11. More important, Gronk Nation was established in conjunction with, and to financially support, the 501(c)(3) charitable organization known as GRONK NATION YOUTH FOUNDATION.

12. As set forth on its website:

> The Gronk Nation Youth Foundation is an organization dedicated to inspiring and supporting our youth to reach their maximum potential by empowering them to be positively involved in sports, community activities, education, and fitness. Our mission is to help our youth stay actively involved in school and sports and provide them with the tools needed to help them follow their dreams and live a happy and more successful life.

13. To promote the goals and mission of GRONK NATION YOUTH FOUNDATION, Gronk Nation acquired the intellectual property rights of its individual members Robert Gronkowski, Christopher Gronkowski and Daniel Gronkowski regarding the use of their names, nicknames, images, pictures, likenesses, and trademarks via an assignment.

14. Gronk Nation is the only entity to have acquired such rights.  Specifically, Defendant does not now have, and never has had, such rights.

15. Gronk Nation earns money for donations to the GRONK NATION YOUTH FOUNDATION by selling, among other things, t-shirts in interstate commerce bearing the term "GRONK" and derivatives thereof.

16. On or about May 9, 2012, Gronk Nation became aware of t-shirts being sold for profit on the website "www.sullysbrand.com" bearing the trademark, "GRONK" and other variations of the term "GRONK" which sales were capitalizing on the names, nicknames, images, pictures, likenesses, and/or trademarks of the Gronkowski brothers without permission from the Gronkowski brothers or Gronk Nation for such use.

17. Prior to and after that date, Defendant continued to sell t-shirts bearing the trademark "GRONK" and other variations of that term, such as: "YOU GOT GRONK'D".

18. Based upon information and belief, Defendant has sold goods in interstate commerce, namely shirts bearing the mark "GRONK" at a significant profit since at least as early as September 27, 2010.

19. Defendant has not accounted to Gronk Nation or the Gronkowski brothers for these sales and, importantly, has not made donations to the GRONK NATION YOUTH FOUNDATION with any of its commercial sales of products that have capitalized on the use of the Gronkowski brothers' names, nicknames, images, pictures, likenesses, and/or trademarks. This despite the fact that a key reason for obtaining a trademark for the term "GRONK" and its derivatives was to support the GRONK NATION FOUNDATION and its mission of supporting youth athletics.

20. On December 4, 2012, Plaintiff received a Federal Trademark Registration from the United States Patent & Trademark Office for "GET GRONK'D" and "GRONK NATION"; on December 11, 2012 Plaintiff received a Federal Trademark Registration from the United States Patent & Trademark Office for "GRONK".

21. On January 24, 2013, after several months of failed communications between the parties attempting to resolve the matter, Defendant was served a cease and desist letter from the Plaintiff regarding the sale of t-shirts that used the names, nicknames, images, pictures, likenesses, and/or trademarks of the Gronkowski brothers and that were owned by Gronk Nation.

22. Gronk Nation by assignment, has a protectable interest in the trademark "GRONK" and its derivatives as well as all rights of publicity in that term, and derivative terms.

23. Defendant has willfully used the Gronkowski brothers' names, nicknames, images, pictures, likenesses, and/or trademarks for profit and thereby infringed upon Gronk Nation's property rights, including its rights in the term and mark "GRONK" and derivatives thereof.

24. Defendant's actions have deprived Gronk Nation, and its charitable foundation GRONK NATION YOUTH FOUNDATION, of substantial assets and income.

IV.     **Causes of Action**

**COUNT I**
**(Violation of Lanham Act for Infringement of Registered Trademark)**

25. Gronk Nation repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

26. Defendant's use of the "GRONK" name, term, trademark and derivatives thereof has created a likelihood-of-confusion about the origin of the goods and services offered by Defendant.

27. Gronk Nation and the Gronkowski brothers have developed and own a protectable trademark right in the "GRONK" name, term, trademark and derivatives thereof.

28. Defendant is using or has used a confusingly similar mark in such a way that it creates a likelihood of confusion, mistake and/or deception with the consuming public.

29. The products offered by Defendant in interstate commerce are the same as those offered by Gronk Nation and the GRONK NATION YOUTH FOUNDATION and/or the actions of Defendant make it appear that their products are associated with, affiliated with, connected to, approved by, authorized by or sponsored by Gronk Nation and/or the Gronkowski brothers.

30. Among other things, the actions of Defendant create false descriptions of the origin of the "GRONK" products that are, or were, listed for interstate sale on Defendant's website.

31. The use of Gronk Nation's mark to identify Defendant's goods and services causes a likelihood of consumer confusion.

32. Defendant's unfairly competed with Gronk Nation by the sale of t-shirts bearing the protected phrase "GRONK" and derivatives thereof.

33. By its actions, Defendant has unfairly competed through false designation of origin, false representation of sponsorship or affiliation, and infringement of Gronk Nation's common law trademark in violation of Section 43(a) of the Lanham Act.

34. Upon information and belief, Defendant's actions were willfully intended to trade on the goodwill and reputation of Gronk Nation and the Gronkowski brothers. Among other things, Defendant knew or should have known that the publicity garnered by the Gronkowski brothers' athletic exploits and publicity would permit them to produce and profit from counterfeit goods.

35. Gronk Nation requests all relief afforded under the Lanham Act for the actions and omissions set forth herein; including but not limited to injunctive and monetary relief under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

**COUNT II**
**(Violation of G.L. c. 93A)**

36. Gronk Nation restates and realleges each of the foregoing paragraphs as if fully set forth herein.

37. Defendant engaged in trade or commerce within the Commonwealth of Massachusetts as that term is defined by Chapter 93A.

38. Due to the conduct alleged herein, Defendant engaged in unfair competition and unfair and deceptive trade practices under Chapter 93A.  Among other things, Defendant wrongfully used the Gronkowski brothers' names, nicknames, images, pictures, likenesses, and/or trademarks for profit for their own use without license or consent.

39. By its actions, Defendant is 'palming off' of the names, images, and likenesses of the Gronkowski and are creating consumer confusion due to their unauthorized use of the term "GRONK" and derivatives thereof in the sale of their products.

40. Gronk Nation's and GRONK NATION YOUTH FOUNDATION's names, marks, and products have acquired a secondary meaning such that confusion as to their source is likely to arise if Defendant is allowed to copy them.

41. Upon information and belief, a substantial part of the conduct set forth herein occurred primarily or substantially within the Commonwealth of Massachusetts and violates G.L. c. 93A, §§ 2, 11.

42. Defendant's actions described herein were performed willfully and knowingly.

43. As a result of the unfair and deceptive conduct set forth herein, Gronk Nation and GRONK NATION YOUTH FOUNDATION sustained injuries, including but not limited to, irreparable injury to trademarks, trade names, goodwill and reputation, actual damages and lost profits, out of pocket expenses to mitigate the issues described herein, and litigation costs and expenses, including attorney's fees, associated with the pursuit of this matter and the filing of this action.

44. Gronk Nation is entitled to be compensated for all harm sustained by it and to all damages allowed by law, including treble damages, costs, interest and attorney's fees.

## COUNT III
### (Common Law Trade Name Infringement)

45. Gronk Nation restates and realleges each of the foregoing paragraphs as if fully set forth herein.

46. Massachusetts common law protects trade names and prevents others from using the same name or a similar name in order to mislead the public by "palming off" their goods as those of the plaintiff.

47. As set forth more fully above, Defendant is using and/or has used the same name or a similar name, products and services as Gronk Nation which results, or shall result, in misleading the public about the origin of the goods and services.

48. In this way, Defendant "palming off" the goodwill of Gronk Nation's marks and injuring Gronk Nation's business and reputation.

49. The wrongful actions of Defendant described herein were performed willfully and knowingly.

50. Gronk Nation has been harmed by the conduct alleged herein and is entitled to be compensated for the damages sustained as provided by law, including lost royalties, dilution of trademark value, harm to goodwill and reputation, lost profits, costs, interest and attorney's fees.

## COUNT IV
### (Trade Name and Trade Mark Infringement in Violation of Massachusetts General Laws, c. 110H, § 1 *et seq.*)

51. Gronk Nation restates and realleges each of the foregoing paragraphs as if fully set forth herein.

52. Gronk Nation has a trademark as reconqized under Massachusetts law.

53. Mass. General Laws c. 110H, § 12 prohibits the use, without the consent of the registrant, of any reproduction, counterfeit, copy, or colorable imitation of a mark, such as Gronk Nation's, that is registered in connection with the sale, distribution, offering for sale, or advertising of any goods or services on or in connection with which the use is likely to cause confusion or mistake or to deceive as to the source of origin of such goods or services.

54. Mass. General Laws c. 110H, § 12 also prohibits the manufacture, use, display, or sale of any counterfeits or imitations of products or services via use of a registered trademark such as the use of Gronk Nation's mark as set forth above.

55. As set forth more fully above, Defendant is violating and/or has violated each of these provisions to their benefit and to the detriment of Gronk Nation.

56. Upon information and belief, the wrongful actions of Defendant described herein were performed willfully and knowingly.

57. Pursuant to General Laws c. 110H, § 14(a), an owner of a mark may proceed by suit to enjoin the manufacture, use, display or sale of any counterfeits or imitations thereof and the court may grant injunctions to restrain the manufacture, use, display or sale as may be considered by the court as just and reasonable.  Based upon the foregoing facts, an injunction in this matter is just and reasonable to protect Gronk Nation's names and marks.

58. Pursuant to General Laws c. 110H, § 14(a), the court may require Defendant to pay to the owner of a mark all profits derived from and all damages suffered by reason of the wrongful manufacture, use, display or sale of products with the Gronk Nation's mark.

59. Pursuant to General Laws c. 110H, § 14(a), the court, in its discretion, may enter judgment for an amount not to exceed 3 times the profits obtained by the Defendant from its unauthorized use of the mark (or three times any other damages) and also order those defendants to pay the reasonable attorneys' fees of Gronk Nation as the defendants, upon information and belief, committed their wrongful acts with knowledge or in bad faith.

60. Gronk Nation has been harmed by the conduct alleged herein and is entitled to be compensated for the damages sustained to the full extent of the Massachusetts statutes set forth herein and in amounts to be proven at trial.

## COUNT V
### (Trade Name and Trade Mark Dilution in Violation of Massachusetts General Laws, c. 110H, § 13 *et seq.*)

61. Gronk Nation restates and realleges each of the foregoing paragraphs as if fully set forth herein.

62. General Laws c. 110H, § 13, provides protection against dilution of the distinctive quality of a mark notwithstanding the absence of competition between the parties or the absence of confusion as to the source of goods or services.

63. Gronk Nation's mark is distinctive under the G. L. c. 110H, § 13.

64. The use of a similar mark by Defendant has created a likelihood of dilution because, among other things, (1) there will be a reduction of the value of Gronk Nation's marks caused by actual or potential confusion due to the defendants' conduct, (2) there is injury resulting to Gronk Nation from Defendants' use of the mark that tarnishes the reputation associated with Gronk Nation's marks, and/or (3) there has been a diminution in the uniqueness and individuality of the marks by the actions of defendants set forth herein.

65. As set forth more fully above, Defendant is violating and/or has violated the Massachusetts Anti-Dilution statute to its benefit and to the detriment of Gronk Nation.

66. Upon information and belief, the actions of Defendant described herein were performed willfully and knowingly.

67. Gronk Nation has been harmed by the conduct alleged herein and is entitled to injunctive relief and to be compensated for the damages sustained as provided by law, including lost royalties, dilution of trademark value, harm to goodwill and reputation, lost profits, costs, interest and attorney's fees.

## COUNT VI
### (Misappropriation/Unauthorized Use of Name, Portrait or Picture)

68. Gronk Nation restates and realleges each of the foregoing paragraphs as if fully set forth herein

69. Pursuant to Mass. G.L. c. 214, Sec. 3A, any person whose name, portrait or picture is used within the commonwealth for advertising purposes or for the purposes of trade without his written consent may bring a civil action against the person so using his name, portrait or picture, to prevent and restrain the use thereof and may recover damages for any injuries sustained by reason of such use.

70. Upon information and belief, Defendant has used the name, portrait of picture of the Gronkowski brothers within the Commonwealth of Massachusetts for advertising or trade purposes and without written consent of Gronk Nation, the only entity with the rights to the names, portraits and pictures of the Gronkowski brothers.

71. Defendant has taken the foregoing action for commercial gain and has thereby harmed Gronk Nation.

72. Gronk Nation seeks all equitable and legal remedies to which it is entitled for the Defendant's for-profit use of the names, portraits or pictures of the Gronkowski brothers.

## COUNT VII
### (Request for Preliminary and Permanent Injunction)

73. Gronk Nation restates and realleges each of the foregoing paragraphs as if fully set forth herein.

74. On the facts alleged herein, and pursuant to Massachusetts common law, General Laws c. 93, Section 42A, c. 93A, Sections 2, 11, and c. 110H, *et seq.*, Gronk Nation is entitled to injunctive relief to remedy the harm being caused by Defendant.

75. Gronk Nation has shown a likelihood of success on the merits of its claims.

76. Gronk Nation has shown that there is a substantial risk of irreparable harm in the absence of injunctive relief and that it has no adequate remedy should the trademark infringement continue unabated.

77. Gronk Nation has shown that there is no legitimate harm to Defendant should an injunction issue.

78. Gronk Nation has shown that public policy and legislative mandate favor the issuance of an injunction to prevent the trademark infringement and dilution asserted herein.

79. Gronk Nation is entitled to first a preliminary, and then a permanent, Order from this Honorable Court, as follows:

    (1) Enjoining Defendant, and anyone acting in concert with Defendant or on its behalf, from using the names, nicknames, images, pictures, likenesses, and/or trademarks of the Gronkowski brothers and/or the goodwill, names, trademarks, trade names, slogans, symbols, or color schemes associated with them or belonging to Gronk Nation;
    (2) Requiring Defendant forthwith to remove all indicia of the "GRONK" trademark or its derivatives from any of its products, services, websites or other commercial marketing material; and

  (3)  Requiring Defendant to forthwith provide a full accounting of all sales of any products it has made, offered for sale, or sold that bear any indicia of the name or term "GRONK" and any derivative, logo, name, trademark or tradename associated therewith.

## JURY DEMAND

Gronk Nation demands a trial by jury on all counts of the Complaint that are so triable.

**WHEREFORE**, Gronk Nation prays that this Honorable Court:

(a) Enter judgment in its favor on all counts of this Complaint;

(b) Award damages and all other remedies available on each count of this Complaint to the full extent allowed by law and in equity;

(c) Award costs, interest, attorneys fees, multiple and punitive damages where appropriate and as allowed by law;

(d) Enter any and all injunctive relief as allowed by law, including an Order consistent with Count VI, above; and

(e) Enter such other legal and equitable relief as this Court deems just and proper.

  Respectfully submitted,

  **GRONK NATION LLC**,

  By its attorneys,

  */s/ Timothy J. Perry*
  Timothy J. Perry (BBO#631397)
  tperry@pkjlaw.com
  PERRY, KRUMSIEK, & DOLAN, LLP
  210 Union Wharf
  Boston, MA  02109
  (617) 720-4300

Dated:  April 29, 2013