# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| GRONK NATION, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil No. |
| v. | ) | 13-11049-FDS |
| | ) | |
| SULLY'S TEES, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER ON DEFENDANT'S MOTION TO DISMISS

**SAYLOR, J.**

This is a trademark infringement case concerning the use of the term and mark GRONK, which is a nickname of Rob Gronkowski, a professional football player for the New England Patriots. Plaintiff Gronk Nation, LLC, is a company established by Rob Gronkowski and his brothers. Defendant Sully's Tees, LLC, is a company that sells t-shirts. Gronk Nation filed a complaint against Sully's Tees alleging violations of federal and state trademark law, Mass. Gen. Laws ch. 93A, and state common law.

Defendants have moved to dismiss the complaint for failure to state a claim upon which relief can be granted and for lack of subject-matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons stated below, the motion will be denied.

**I.  Background**

Unless otherwise noted, the following facts are undisputed or presented as stated in the complaint.

Brothers Robert, Christopher, and Daniel Gronkowski are all professional football

players. Rob Gronkowski, in particular, is a famous player and celebrity. He has been a member of the New England Patriots since 2010, and in 2011 set the single-season record for touchdowns by a tight end. One or more of the Gronkowski brothers have been well-known for their athletic achievements since at least the fall of 2005 and are associated with the word "Gronk." (Compl. ¶¶ 6-7).

On February 18, 2011, Gronk Nation, LLC, a Florida limited liability company, was established with the Gronkowski brothers as members. (Compl. ¶¶ 8-9). Gronk Nation acquired by assignment the intellectual property rights of the Gronkowski brothers in the use of their names, nicknames, images, pictures, likenesses, and trademarks. (Compl. ¶ 13). Gronk Nation received a Federal Trademark Registration from the U.S. Patent & Trademark Office for GET GRONK'D and GRONK NATION on December 4, 2012, and for GRONK on December 11, 2012. (Compl. ¶ 20). The statement of first use in commerce on each federal registration is February 18, 2011. (Mot. Dismiss, Silva Decl., Exs. A, B).

Gronk Nation, among other activities, sells t-shirts in interstate commerce that bear the term GRONK and derivatives of that name. (Compl. ¶ 15). It donates its profits to Gronk Nation Youth Foundation, a charitable organization that supports youth athletics. (Compl. ¶¶ 11-13, 15).

Sully's Tees, LLC, is a Massachusetts limited liability company. (Compl. ¶ 2). According to the complaint, Sully's Tees began selling t-shirts in interstate commerce that bear the mark GRONK by September 27, 2010, at the latest, without a license or permission from the Gronkowski brothers or Gronk Nation. (Compl. ¶¶ 18-19). Gronk Nation became aware of this activity on May 9, 2012. It served a cease-and-desist letter on Sully's Tees on January 24, 2013.

On April 29, 2013, Gronk Nation filed a complaint against Sully's Tees in this Court. The complaint alleges six claims: (1) trademark infringement in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (2) unfair trade practices in violation of Mass. Gen. Laws ch. 93A; (3) common-law trade name infringement; (4) trade name and trade mark infringement in violation of Mass. Gen. Laws ch. 110H, § 1 et seq.; (5) trade name and trade mark dilution in violation of Mass. Gen. Laws ch. 110H, § 13 et seq.; and (6) misappropriation and unauthorized use of name, portrait, or picture. Defendant has moved to dismiss the complaint under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) for lack of subject-matter jurisdiction and for failure to state a claim upon which relief can be granted.

## II.  Standard of Review

On a motion to dismiss, the Court "must assume the truth of all well-plead[ed] facts and give plaintiff the benefit of all reasonable inferences therefrom." *Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007) (citing *Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir. 1999)). To survive a motion to dismiss, the complaint must state a claim that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556). Dismissal is appropriate if the facts as alleged do not "possess enough heft to show that plaintiff is entitled to relief." *Ruiz Rivera v. Pfizer Pharm., LLC*, 521 F.3d 76, 84 (1st Cir. 2008) (quotations and original alterations omitted).

3

**III.    Analysis**

Proof of trademark infringement requires a plaintiff to show "(1) that its mark is entitled to trademark protection, and (2) that the allegedly infringing use is likely to cause consumer confusion." *Boston Duck Tours, LP v. Super Duck Tours*, LLC, 531 F.3d 1, 12 (1st Cir. 2008). More specifically, the Lanham Act imposes liability on:

> Any person who, on or in connection with any goods or services, . . . uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which . . . is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services or commercial activities by another person . . . .

15 U.S.C. § 1125(a)(1) (commonly known by its Public Law designation, "Section 43(a)").

A celebrity "false endorsement" or "false sponsorship" claim is cognizable under Section 43(a). *See Ji v. Bose Corp.*, 538 F. Supp. 2d 349, 351 (D. Mass. 2008); *see also Parks v. LaFace Records*, 329 F.3d 437 (6th Cir. 2003); *Waits v. Frito–Lay, Inc.*, 978 F.2d 1093, 1108 (9th Cir. 1992). *Cf. McCarthy on Trademarks and Unfair Competition* § 28:15 (4th ed. 2002) ("[T]he 1989 revised wording of § 43(a) makes it clearer than ever that § 43(a) is an appropriate vehicle for the assertion of claims of falsely implying the endorsement of a product or service by a real person."). That is, famous persons may assert property rights in their identities where a defendant's conduct has allegedly created "a likelihood of confusion as to whether plaintiffs were endorsing [defendant's] product." *Wendt v. Host Int'l, Inc.*, 125 F.3d 806, 812 (9th Cir. 1997).

Here, the Gronkowski brothers have assigned the rights to their names, nicknames, images, pictures, likenesses, and trademarks, including the name and mark GRONK, to plaintiff

4

Gronk Nation, a limited liability company of which they are the three members. The complaint alleges that defendant's use of GRONK on t-shirts has created a likelihood of confusion that the Gronkowski brothers or Gronk Nation are associated with or have approved its merchandise. This suffices to state a claim under Section 43(a). *See, e.g.*, *Fifty-Six Hope Rd. Music, Ltd. v. A.V.E.L.A., Inc.*, 688 F. Supp. 2d 1148, 1170 (D. Nev. 2010) (holding that "celebrity false association cases . . . may include use of the celebrity's persona directly on or as part of the defendant's product").

Whether defendant used the mark on t-shirts prior to the date of first use listed on plaintiff's trademark registration is not the critical inquiry. A trademark does not have to be registered to be protected under the Lanham Act. *Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 767-68 (1992); *Zyla v. Wadsworth, Div. of Thomson Corp.*, 360 F.3d 243, 251 (1st Cir. 2004). The registration itself is only *prima facie* evidence of a valid trademark. 15 U.S.C. § 1115(a). And the "good" in a false endorsement claim is not a particular product but instead the celebrity's persona and goodwill. *Wendt*, 125 F.3d at 812 n.1. *See Parks*, 329 F.3d at 445 (remarking that a celebrity has an economic interest in his identity that is akin to that of a "traditional trademark holder").

Defendant challenged counts 1 through 4 solely on the basis that plaintiff had no trademark rights in this case because of defendant's prior use. Having found that plaintiff has adequately pleaded a trademark right, this Court will deny defendant's motion to dismiss those counts.

Furthermore, the issue of federal trademark law confers jurisdiction on this Court pursuant to 28 U.S.C. §§ 1331 and 1338, and the Court may exercise supplemental jurisdiction

over the remaining claims.  28 U.S.C. § 1367.  Accordingly, defendant's motion to dismiss the remaining counts for lack of subject-matter jurisdiction will be denied.

## IV. Conclusion

For the foregoing reasons, the motion to dismiss will be DENIED.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
Dated:  April 4, 2014                                             United States District Judge